IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martin J. Frankenfield III <br> Debtor | CHAPTER 13 |
| Lakeview Loan Servicing, LLC <br> Movant <br> vs. | NO. 16-12915 ELF |
| Martin J. Frankenfield III <br> Debtor | |
| Scott F. Waterman, Esquire <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order granting the Motion for Relief from Stay on January 21, 2020 (Document No. 68) has been vacated;

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,651.50** which breaks down as follows;

```
Notice of Default Amount (September 2019 to December 2019):   $3,625.20
Post-Petition Payments:            January 2020 to February 2020 at $1,013.15/month
Suspense Balance:                  $427.40
Total Post-Petition Arrears        $5,651.50
```

3. The Debtor shall cure said arrearages in the following manner:

    a). On or before February 5, 2020, the Debtor shall make a payment in the amount of **$5,651.50**.

4. Beginning with the payment due March 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,013.15 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 29, 2020

By: *Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: February 6, 2020

George M. Lutz, Esquire
Attorney for Debtor

Date: 2/12/2020

Scott F. Waterman, Esquire
Chapter 13 Trustee

# ORDER

Approved by the Court this 13th day of March, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank
for Judge Patricia M. Mayer