United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-12915-pmm
Martin J. Frankenfield, III                                             Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4    User: Antoinett    Page 1 of 1    Date Rcvd: Mar 16, 2020
                Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 18, 2020.
db          +Martin J. Frankenfield, III,   2104 Freemansburg Avenue,   Easton, PA 18042-5312

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 16, 2020 at the address(es) listed below:
      DENISE ELIZABETH CARLON    on behalf of Creditor    Lakeview Loan Servicing, LLC
       bkgroup@kmllawgroup.com
      GEORGE M. LUTZ    on behalf of Debtor Martin J. Frankenfield, III glutz@hvmllaw.com,
       amerkey@hvmllaw.com;r49419@notify.bestcase.com
      JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing, LLC
       bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
      LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
       ecf_frpa@trustee13.com
      REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
      ROLANDO   RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
       ecfmail@readingch13.com
      SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
      THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM EDWARD CRAIG    on behalf of Creditor    Credit Acceptance Corporation
       ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
      WILLIAM EDWARD CRAIG    on behalf of Creditor    Santander Consumer USA Inc.
       ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                              TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martin J. Frankenfield III<br>    Debtor | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>    Movant<br>vs. | NO. 16-12915 ELF |
| Martin J. Frankenfield III<br>    Debtor | |
| Scott F. Waterman, Esquire<br>    Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order granting the Motion for Relief from Stay on January 21, 2020 (Document No. 68) has been vacated;

2. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,651.50** which breaks down as follows;

```
Notice of Default Amount (September 2019 to December 2019):   $3,625.20
Post-Petition Payments:          January 2020 to February 2020 at $1,013.15/month
Suspense Balance:                $427.40
Total Post-Petition Arrears      $5,651.50
```

3. The Debtor shall cure said arrearages in the following manner:

  a). On or before February 5, 2020, the Debtor shall make a payment in the amount of **$5,651.50**.

4. Beginning with the payment due March 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,013.15 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 29, 2020

By: *Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: February 6, 2020

George M. Lutz, Esquire
Attorney for Debtor

Date: 2/12/2020

Scott F. Waterman, Esquire
Chapter 13 Trustee

# ORDER

Approved by the Court this 13th day of March, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank
for Judge Patricia M. Mayer